**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RASHONDA A. YOUNG,
          Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
          Agency.

DOCKET NUMBERS
CH-0714-19-0400-I-1
CH-1221-19-0332-W-1

DATE: March 15, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Rashonda A. Young, Baltimore, Maryland, pro se.

Aisha M. Jones and Shelia Fitzpatrick, Esquire, Hines, Illinois,
   for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision in these joined appeals,[2] which affirmed the agency's action removing her from her

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] The administrative judge joined the two appeals for adjudication and issued a single initial decision that was entered into both case files. *Young v. Department of Veterans Affairs*, MSPB Docket No. CH-0714-19-0400-I-1, Initial Appeal File, Tabs 24, 83; *Young v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-19-0332-W-1,

position pursuant to the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat 862, 869-73 (2017) (codified as amended at 38 U.S.C. § 714), and denied her request for corrective action in connection with her individual right of action (IRA) appeal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Central Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant began her employment with the agency on June 12, 2016, as a Contract Specialist. *Young v. Department of Veterans Affairs*, MSPB Docket No. CH-0714-19-0400-I-1, Initial Appeal File (0400 IAF), Tab 34 at 103. Thereafter, she filed several matters with the Board, two of which are addressed in this decision.

In July and August 2017, the appellant's supervisor began to note problems with the appellant's performance, specifically regarding the critical element of pre/post award contracting actions. 0400 IAF, Tab 34 at 8-9, Tab 35 at 116-17, Tab 66 at 29. On or about August 17, 2017, the appellant filed a whistleblower retaliation complaint with the Office of Special Counsel (OSC). 0400 IAF, Tab 35 at 79; *Young v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-19-0332-W-1, Initial Appeal File (0332 IAF), Tab 1 at 253-63. On December 28, 2017, while OSC was investigating the appellant's complaint, she filed a Board appeal alleging that her November 2017 performance appraisal, which found her performance unacceptable in pre/post award contracting actions, organizational/program support, and communications was retaliatory. *Young v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-18-0124-I-1, Initial Appeal File, Tab 1 at 3, 32. On March 29, 2018, while that appeal was pending

Initial Appeal File, Tabs 29, 88. We will cite to the initial decision in the lead docket number, CH-0714-19-0400-I-1.

before the administrative judge, OSC notified the appellant that it was terminating its investigation into her August 2017 complaint because she sought corrective action from the Board 120 days after she had filed her OSC complaint. 0400 IAF, Tab 35 at 79. In its termination letter, OSC described the appellant's protected disclosure as sending an email to numerous agency employees on August 3, 2017, challenging as improper and a violation of agency policy management's requirement that employees attending training return to duty when the training is completed before the end of the employee's duty day.[3] *Id*. OSC described the agency's purportedly retaliatory actions as removing the appellant from the training for being disruptive, reprimanding her on August 29, 2017, for failure to follow instructions, counseling her on August 30, 2017, regarding her performance, and lowering her performance rating on November 9, 2017. *Id*.

Meanwhile, on February 14, 2018, the agency proposed the appellant's removal under the authority of 38 U.S.C. § 714, based on her failure to perform satisfactorily in the pre/post award contracting actions and organizational/ program support critical elements of her position. 0400 IAF, Tab 35 at 107-09. On March 5, 2018, the agency deciding official found that, regarding both critical elements, the notice of proposed removal was supported by substantial evidence. *Id*. at 84. The appellant appealed the removal action to the Board on March 6, 2018. *Young v. Department of Veterans Affairs*, MSPB Docket No. CH-0714-18-0245-I-1, Initial Appeal File (0245 IAF), Tab 1. Because 38 U.S.C. § 714(e)(2) prohibits the agency from taking an adverse action against an employee while an investigation of the employee's claim of whistleblower reprisal is pending, the agency agreed in a settlement agreement to rescind the appellant's removal and reinstate the appellant while an investigation was ongoing. 0245 IAF, Tabs 15, 17. That settlement agreement also resolved the appellant's December 28, 2017

---

[3] The appellant further explained that, when training similar to the training she was attending was held at a remote location, employees were not required to return to work for the remainder of the day if training ended before the end of the employee's duty day. 0332 IAF, Tab 1 at 254-55, 258-63.

Board appeal. 0245 IAF, Tab 17. As a result of the settlement agreement, the administrative judge issued separate initial decisions dismissing the two appeals (MSPB Docket Nos. CH-3443-18-0124-I-1 and CH-0714-18-0245-I-1).[4] *Young v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-18-0124-I-1, Initial Decision (Apr. 12, 2018); *Young v. Department of Veterans Affairs*, MSPB Docket No. CH-0714-18-0245-I-1 Initial Decision (Apr. 12, 2018); 0245 IAF, Tab 18.

As noted above, on March 29, 2018, OSC concluded its investigation into the appellant's August 2017 complaint. 0400 IAF, Tab 35 at 79. Thereafter, on April 10, 2018, the agency reissued the removal decision based on the proposed removal originally issued on February 14, 2018. *Id*. at 71-75. The removal was to be effective on April 11, 2018. *Id*. at 71. However, on April 10, 2018, the same day she received the reissued removal decision letter, the appellant filed a second complaint with OSC wherein she largely repeated her previous allegations to OSC and also claimed that the agency retaliated against her because of her OSC complaint. *Id*. at 56, 62-69. Pursuant to the VA Accountability Act, the removal decision was again stayed pending another investigation into the appellant's renewed whistleblower reprisal claims. 0400 IAF, Tab 66 at 23.

Following the second stay of the appellant's removal, the agency assigned the appellant to a different workspace and, because of her performance deficiencies, did not assign her significant substantive work and did not allow her to participate in further contract specialist training. 0400 IAF, Tab 66 at 23-25. In June 2018, the agency denied the appellant a scheduled within-grade increase, and in November 2018, it issued the appellant another unacceptable performance appraisal. 0400 IAF, Tab 35 at 51-52, Tab 66 at 25-26. On December 4, 2018, the appellant filed a third OSC complaint. 0332 IAF, Tab 1 at 284, 289-91.

OSC terminated its investigation into the appellant's December 4, 2018 complaint on February 20, 2019, describing the appellant's complaint as alleging

---

[4] These initial decisions became final when neither party filed a petition for review.

that her 2017 and 2018 performance appraisals, the denial of training opportunities, and the failure to assign her work were all in reprisal for her previous OSC complaints and Board appeals. 0400 IAF, Tab 1 at 63. On April 16, 2019, the appellant filed an IRA appeal with the Board and requested a hearing. 0332 IAF, Tab 1. The administrative judge acknowledged that appeal and assigned it docket number CH-1221-19-0332-W-1. 0332 IAF, Tab 2.

While the appellant's April 16, 2019 appeal was pending before the administrative judge, on June 5, 2019, the agency notified the appellant by email that the stay of her April 10, 2018 reissued removal decision had been lifted, and that her removal based on unacceptable performance was effective immediately. 0400 IAF, Tab 34 at 158. The following day, the appellant filed an appeal of her removal and requested a hearing. 0400 IAF, Tab 1. The administrative judge acknowledged that appeal and assigned it docket number CH-0714-19-0400-I-1. 0400 IAF, Tab 2.

As noted previously, the administrative judge joined the appellant's removal appeal with her IRA appeal. 0400 IAF, Tabs 24, 83; 0332 IAF, Tabs 29, 88. At the beginning of the scheduled hearing, the appellant withdrew her hearing request, and the administrative judge set a date for the close of the record. 0332 IAF, Tab 68; 0400 IAF, Tab 63. Both parties filed additional submissions. 0332 IAF, Tabs 71-72, 76-82; 0400 IAF, Tabs 66-67, 71-77.

In the initial decision, the administrative judge first addressed the appeal of the removal action taken under 38 U.S.C. § 714 and, in doing so, rejected the appellant's claim that she was not covered by that statutory scheme. 0400 IAF, Tab 83, Initial Decision (ID) at 18-20. The administrative judge found that the agency proved the accuracy and reasonableness of the appellant's performance standards and that her performance under both critical elements was unacceptable. ID at 13-14. Specifically, the administrative judge found that the agency proved by substantial evidence that the appellant's performance did not meet the requisite criteria for performance at the fully successful level in either of

the two critical elements charged, and that, therefore, the agency met its burden under 38 U.S.C. § 714 in support of the removal action. ID at 15-18. As such, the administrative judge affirmed the agency's decision to remove the appellant from her position. ID at 2, 18.

The administrative judge then addressed the appellant's IRA appeal. ID at 21-27. He found that the appellant failed to demonstrate that her complaints concerning the instruction to return to duty when training ended early constituted a protected disclosure under the whistleblower protection statutes. ID at 24-26. The administrative judge went on to find that, even if the disclosure was protected, the agency established by clear and convincing evidence that it would have taken the same action in the absence of any protected disclosures. ID at 26-27. Accordingly, the administrative judge denied the appellant's request for corrective action. ID at 2, 27.

The appellant has filed a petition for review and a supplement thereto.[5] Petition for Review (PFR) File, Tabs 1-2. The agency has filed a response in opposition to the petition, and the appellant has filed a reply to the agency's response. PFR File, Tabs 4-5.

## ANALYSIS

In the analysis that follows, we first address the appellant's removal appeal and find that the administrative judge correctly found that the appellant's performance standards were accurate and reasonable and that she failed to perform at a fully successful level. Despite those findings, we next find that remand is necessary to address possible harmful error by the agency in taking the removal action and to address the agency's penalty selection. We then turn to the appellant's IRA appeal and find that, while the administrative judge correctly

---

[5] As the 0400 and 0332 appeals remain joined on petition for review, the parties' petition for review filings have been added to the record in both docket numbers. Because the petition for review records are identical, we will cite generally to the petition for review file.

found that the appellant did not make a protected disclosure, remand is necessary to address whether the appellant engaged in protected activity.

The appellant's removal appeal, MSPB Docket No. CH-0714-19-0400-I-1.

> *The administrative judge correctly found that the agency proved by substantial evidence that the appellant's performance standards were accurate and reasonable and that the appellant failed to perform at a successful level.*

In *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶¶ 11-20, the Board examined performance-based actions taken by the agency under 38 U.S.C. § 714. The Board found that the elements for proving such a charge under 5 U.S.C. chapter 43 do not apply to an action taken under 38 U.S.C. § 714, and that the proper elements for such cases derive from the Board's application of 5 U.S.C. chapter 75. *Semenov*, 2023 MSPB 16, ¶¶ 15-19; *see* 5 U.S.C. § 4303(f)(4); 38 U.S.C. § 714(c)(3). Specifically, the Board found that the agency must prove that its performance standards were reasonable and provided for accurate measurement of the appellant's performance, and that the appellant's performance was unacceptable according to that measurement. *Semenov*, 2023 MSPB 16, ¶ 19.

In considering the appellant's performance standards, the administrative judge reviewed her position description, carefully considering it along with the key sub-elements or factors relating to fully successful performance under the critical elements of pre/post contracting action and organizational/program support. 0400 IAF, Tab 35 at 107-08, Tab 66 at 30-31; ID at 13-15. The administrative judge found that the standards by which the appellant's performance was measured were consistent with her written performance standards and the job responsibilities outlined in her position description. ID at 14. The administrative judge concluded that the agency proved the accuracy and reasonableness of the applicable performance standards in both critical elements at issue. ID at 13. He further noted that the appellant failed to present any evidence to challenge the accuracy or reasonableness of the performance

standards regarding either element.  ID at 16.  Nor has the appellant challenged this issue on review.  PFR File, Tabs 1, 2.  Consistent with the decision in *Semenov*, we therefore find that the administrative judge properly found that the agency demonstrated by substantial evidence that the appellant's performance standards were accurate and reasonable.

The administrative judge also examined the appellant's performance and found that substantial evidence supported the agency's determination that she failed to meet the fully successful level as to timeliness, quality of contract documents, and file preparation and maintenance, which are factors relating to the critical element of pre/post contracting actions, and that she also failed to meet the fully successful level as to timeliness and clarity, conciseness, and satisfactory results, which are factors relating to the critical element of organizational/program support.  ID at 14-17; 0400 IAF, Tab 35, Tab 66 at 27-31.  The administrative judge concluded that the agency met its burden under 38 U.S.C. § 714 in support of its decision to remove the appellant for unacceptable performance.

In light of our decision to remand this appeal, which is discussed below, we ultimately do not determine whether the administrative judge properly found that the agency proved its charge.  However, on remand, the administrative judge may incorporate his prior determinations into his remand initial decision.

> *Remand is necessary to provide the parties an opportunity to present evidence and argument regarding whether the agency's error in applying the substantial evidence standard and not the preponderant evidence standard was harmful.*

The deciding official sustained the appellant's removal based on his conclusion that substantial evidence supported the charge of unacceptable performance of two critical elements.  0400 IAF, Tab 35 at 71.  After the initial decision in this appeal was issued, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) decided *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1296-1301 (Fed. Cir. 2021), in which it determined that the

Department of Veterans Affairs erred by applying a substantial evidence burden of proof to its internal review of actions under 38 U.S.C. § 714. The court found that substantial evidence is the standard of review to be applied by the Board during its review of an agency action, not by the agency in taking the action. *Id.* at 1298-1300. The court reasoned that, because 38 U.S.C. § 714 requires an agency's deciding official to "determine" whether "the performance or misconduct . . . warrants" the action at issue, the deciding official must use a preponderance of the evidence burden of proof. *Id.* at 1298-1301.

The Federal Circuit's decision in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place. *See Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16 (recognizing that a new precedential Federal Circuit decision applied to all cases pending with the Board). Because the administrative judge and the parties did not have the benefit of *Rodriguez*, they were unable to address its impact. We therefore remand this case for adjudication of whether the agency's apparent error in applying the substantial evidence standard of proof was harmful.[6] On remand, the administrative judge should provide the parties with an opportunity to present evidence and argument addressing whether the agency's use of the substantial evidence standard constituted harmful error. *See* 5 U.S.C. § 7701(a)(1). The administrative judge should then address this affirmative defense in his remand initial decision.

---

[6] In *Semenov*, the Board found it appropriate to apply the harmful error standard from 5 U.S.C. § 7701(c)(2) to actions taken under 38 U.S.C. § 714. *Semenov*, 2023 MSPB 16, ¶ 23. A harmful error is an error by the agency in the application of its procedures that is likely to have caused the agency to reach a different conclusion from the one it would have reached in the absence or cure of the error. *Id.*; *Ronso v. Department of the Navy*, 122 M.S.P.R. 391, ¶ 14 (2015); 5 C.F.R. § 1201.4(r). The appellant bears the burden of proof to show harmful error by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(C).

*Remand is necessary to provide the parties an opportunity to present evidence and argument regarding whether the agency properly determined the penalty and whether the penalty of removal was reasonable.*

The administrative judge did not address the reasonableness of the agency's removal penalty, finding it, or any consideration of mitigating or aggravating factors under *Douglas v. Veterans Administration,* 5 M.S.P.R. 280, 305-06 (1981),[7] immaterial under 38 U.S.C. § 714. ID at 12-13. In *Semenov,* 2023 MSPB 16, ¶¶ 45-49, however, the Board concluded that such factors must be considered. In reaching its determination, the Board in *Semenov* relied on the Federal Circuit's decisions in *Connor v. Department of Veterans Affairs*, 8 F.4th 1319 (Fed. Cir. 2021); *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313 (Fed. Cir. 2021); and *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370 (Fed. Cir. 2020). Taken together, those cases provide that, even though the Board is precluded from mitigating the penalty under 38 U.S.C. § 714(d)(2)(B) and (d)(3)(C), the Board is required to review for substantial evidence the entirety of the agency's decision, including the penalty. That review is essentially to assure that the agency conscientiously considered the relevant factors and struck a responsible balance within the tolerable limits of reasonableness. *Semenov,* 2023 MSPB 16, ¶ 48.

Because the initial appeal was adjudicated before the Board's decision in *Semenov* or any of the Federal Circuit's decisions regarding the Board's obligation to review the penalty in an action taken under the VA Accountability Act, the administrative judge did not identify the penalty as an issue to be adjudicated below or provide guidance to the parties on the penalty issue. 0400 IAF, Tab 58. On remand, he should permit the parties to submit evidence and argument on this issue. In reviewing the penalty, the administrative judge should determine whether the agency proved by substantial evidence that it

---

[7] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board set forth a nonexhaustive list of factors relevant in determining the appropriate penalty for an act of misconduct.

properly applied the relevant *Douglas* factors and whether the agency's penalty was reasonable and, if not, he should remand the appellant's removal to the agency for a new decision on the penalty. *Semenov*, 2023 MSPB 16, ¶ 50; s*ee Connor*, 8 F.4th at 1326-27.

The appellant's IRA appeal, MSPB Docket No. CH-1221-19-0332-W-1.

To establish Board jurisdiction in an IRA appeal, the appellant must prove that she exhausted her remedy before OSC and make nonfrivolous allegations that: (1) she made a disclosure described under 5 U.S.C. 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014); *see* 5 U.S.C. §§ 1214(a)(3), 1221(c)(1). As discussed below, we agree with the administrative judge that the appellant's August 2017 disclosure was not protected under 5 U.S.C. § 2302(b)(8). We further find, however, that the administrative judge erred by failing to address the appellant's claims that she engaged in activity protected under 5 U.S.C. § 2302(b)(9)(A)(i) and (C) when she filed her previous Board appeals and filed complaints with OSC.

> *The administrative judge properly found that the appellant failed to make a protected disclosure under 5 U.S.C. § 2302(b)(8).*

As discussed previously, in the December 4, 2018 OSC complaint that gave rise to this IRA appeal, the appellant contended that the agency took a number of personnel actions against her in retaliation for her earlier OSC complaints and Board appeals. 0332 IAF, Tab 1 at 251, 289. As found by the administrative judge, the appellant did not identify a new protected disclosure in her December 4, 2018 OSC complaint, but rather relied on her August 2017 OSC complaint referring to her email to various agency officials regarding agency management directing employees to return to work after being released early from training. ID at 24-25. The administrative judge then found that the appellant's

email did not constitute a protected disclosure because she failed to explain how the directive to return to work amounted to a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial or specific danger to public health or safety. ID at 25. The administrative judge considered the appellant's vague references to a violation of fair labor standards and agency policy regarding timekeeping for training events, but found that she cited to no specific statute or regulation, and that her "disclosure" amounted to mere disagreement between her and her supervisors about what her duty status should be after early release from the training. ID at 25-26.

On review, the appellant does not challenge the administrative judge's finding regarding this alleged protected disclosure. PFR File, Tabs 1-2. In any event, the appellant's vague allegations of a violation of the fair labor standards statutes and agency policy and her subjective belief that management improperly required her to return to duty following the early release from training do not establish a reasonable belief of a protected disclosure under 5 U.S.C. § 2302(b)(8). *See Heining v. General Services Administration*, 61 M.S.P.R. 539, 554-55 (1994) (finding an employee's expressions of disagreement with her supervisors' directions that did not disclose violations of a specific law, rule, or regulation did not constitute protected disclosures); *Padilla v. Department of the Air Force*, 55 M.S.P.R. 540, 543-44 (1992) (finding an employee's allegations did not constitute whistleblowing when, among other factors, they were vague and failed to set forth any specific law, rule, or regulation she believed was violated). Therefore, we agree with the administrative judge's finding that the appellant did not make a protected disclosure under 5 U.S.C. § 2302(b)(8) when she complained to agency management about its directive that she return to work

after early release from training.[8]  The administrative judge may incorporate this analysis into his remand initial decision.

> *Remand is necessary for the administrative judge to adjudicate the appellant's claims of protected activity.*

The administrative judge acknowledged but did not address the appellant's claims that the agency retaliated against her because she participated in protected activity when she filed Board appeals and OSC complaints.  Based on our review of the written record, we find that the appellant established Board jurisdiction over her IRA appeal by making nonfrivolous allegations that she engaged in activity protected under 5 U.S.C. § 2302(b)(9)(A)(i) and (C) and that those activities were a contributing factor in covered personnel actions.  *See Hessami v. Merit Systems Protection Board,* 979 F.3d 1362, 1367 (Fed. Cir. 2020) (finding Board jurisdiction over an IRA appeal if the appellant has exhausted his remedies before OSC and makes a nonfrivolous allegation that he engaged in whistleblowing activity by making a protected disclosure that was a contributing factor in an agency decision to take or fail to take a personnel action); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (same).  Accordingly, as discussed below, this appeal must be remanded for the administrative judge to develop the record and adjudicate those claims.

An appellant may file an IRA appeal under 5 U.S.C. § 2302(b)(9)(A)(i) if she alleges retaliation based on the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation with regard to remedying a

---

[8] In the initial decision, after finding that the appellant failed to prove that she made a protected disclosure that was a contributing factor to a covered personnel action, the administrative judge proceeded to determine that the agency proved by clear and convincing evidence that it would have taken the same personnel actions absent the appellant's disclosures.  ID at 26-27.  This additional finding was error, as the Board has held that under the Whistleblower Protection Enhancement Act of 2012, the Board may not proceed to the clear and convincing evidence analysis unless it has first made a finding that the appellant established her prima facie case.  *Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015).  The administrative judge's error is of no significance in light of our decision to vacate the entire initial decision for other reasons.

violation of 5 U.S.C. § 2302(b)(8). *See* 5 U.S.C. § 1221(a). As discussed above, among other things, the appellant's current IRA appeal involves her claims that the agency took a number of personnel actions against her in retaliation for her earlier Board appeals. The appellant further claimed that her supervisors were aware of these appeals as they were named in them, and that her removal on June 5, 2019, occurred less than 2 years after December 28, 2017, and March 6, 2018, the dates on which she filed her earlier Board appeals. 0332 IAF, Tab 1. As such, the appellant has nonfrivolously alleged that a reasonable person could conclude that her protected activity of filing two Board appeals in which she alleged retaliation for whistleblowing was a contributing factor in the agency's decision to remove her.[9] *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 25 (2016) (finding that a personnel action that occurs within 2 years of a protected disclosure/activity satisfies the timing portion of the knowledge/timing test).

Additionally, under 5 U.S.C. § 2302(b)(9)(C), an employee engages in protected activity when she cooperates with or discloses information to OSC "in accordance with applicable provisions of law." Under that broadly worded provision, any disclosure to OSC regardless of its content is protected so long as such disclosure is made in accordance with applicable provision of law. *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8. Here, the appellant has alleged that she filed two earlier OSC complaints, one on or about August 17, 2017, and one on April 10, 2018. Therefore, the appellant has made a nonfrivolous allegation that her OSC complaints constituted protected activity. The appellant further alleges that because, in both complaints, she made allegations against her supervisors, they necessarily became aware of the complaints, and that her June 5, 2019 removal occurred less than 2 years after she filed the OSC

---

[9] That the underlying protected disclosure raised in the appellant's Board appeals—the agency's instruction that she return to work when training ended early—was not protected as discussed in this decision is irrelevant to whether the filing of a Board appeal identifying that disclosure is protected. 5 U.S.C. §§ 1221(a), 2302(b)(9)(A)(i).

complaints. IAF, Tab 1. Therefore, the appellant has nonfrivolously alleged that a reasonable person could conclude that her protected activity of filing two OSC complaints was a contributing factor in the agency's decision to remove her from her position. *Scoggins*, 123 M.S.P.R. 592, ¶ 25. Because the appellant has established the Board's jurisdiction over her IRA appeal based on her nonfrivolous claims of protected activity under these statutory provisions, the appeal must be remanded to the administrative judge for adjudication on the merits. *Linder*, 122 M.S.P.R. 14, ¶ 6.

## CONCLUSION

As discussed above, these joined appeals are remanded to the administrative judge to provide the parties an opportunity to present evidence and argument regarding: (1) whether the agency's error in applying the substantial evidence standard and not the preponderant evidence standard in sustaining the proposed removal constituted harmful error; and (2) whether the agency properly applied the relevant *Douglas* factors and the penalty of removal is reasonable. Further, on remand, the administrative judge should also allow the parties to submit evidence and argument regarding whether the appellant's protected activity was a contributing factor in the agency's decision to take the identified personnel actions. If the administrative judge finds that the appellant met her burden of proof regarding one or both of her protected activity claims, he shall afford the agency the opportunity to prove by clear and convincing evidence that it would have taken the same personnel actions absent the protected activity. In adjudicating these appeals on remand, the administrative judge should afford the appellant the opportunity to request a hearing, limited to the issues to be addressed on remand.[10] In addition, on remand the administrative judge should

---

[10] We recognize that the appellant previously waived her right to a hearing, but she made that decision not knowing of the additional elements of proof the agency was required to meet. Thus, she should have the opportunity to question agency witnesses, including the deciding official, regarding the issues present on remand.

develop the record on the Federal Labor Relations Authority decisions the appellant seeks to file on review and shall address the appellant's argument, including its relevancy to this appeal.[11] PFR File, Tab 6 at 4. After developing the record consistent with these instructions, the administrative judge shall issue a new initial decision identifying all material issues of fact and law, summarizing the evidence, and explaining his conclusions of fact and law.[12] *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980).

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:              _____
                            Gina K. Grippando
                            Clerk of the Board

Washington, D.C.

---

[11] Regarding the appellant's request to submit documents relating to her appointment to, and performance with, another Federal agency subsequent to her removal from the Department of Veterans Affairs and her request to submit documents regarding the purported rescission of a job offer in December 2019, although we question the relevancy of the documents to the issues presented by this appeal, the administrative judge should also address the documents, including their relevancy, in his remand initial decision. PFR File, Tab 6 at 4-5.

[12] Although the administrative judge may incorporate his previous findings regarding the appellant's performance standards and her performance and his finding that the appellant's disclosure was not protected under 5 U.S.C. § 2302(b)(8), if any evidence or argument presented on remand affects his analysis of those issues, he should address such evidence or argument in the remand initial decision. *See Semenov*, 2023 MSPB 16, ¶ 20, 25, 27, 39.